# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv47

| | |
|---|---|
| DOVE AIR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FLORIDA AIRCRAFT SALES, LLC; ) | |
| and MARK H. O'BRIEN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on its own consideration of its subject matter jurisdiction. In its Complaint, plaintiff alleges that defendant "is a Florida limited liability company with its principal place of business in the State of Florida." Compl., at ¶ 2. While defendants have alleged diversity as the basis for their removal of this action from state court, see Notice of Removal, at ¶4, defendants have only alleged that defendant Florida Aircraft Sales, LLC "is now, and was at the time of the State Court Action was commenced, a limited liability company organized under the laws of the State of Florida with its principal place of business in Lighthouse Point, Florida." Id., at ¶ 4(b). The state of incorporation and the place where a limited liability corporation does business does not, on its face, satisfy the requirements for

either pleading or determining diversity. Thus, the Notice of Removal contains a patent defect.

A partnership is a citizen of all states in which its constituent partners are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). In turn, a limited liability company is a citizen of all states in which its constituent members are citizens. Id. In this case, neither the Complaint nor the Notice of Removal informs the court as to the citizenship of the LLC's members. As the parties are aware, the court has an affirmative duty to question its subject-matter jurisdiction, even where the parties have not raised the issue. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter

jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In this case, however, defendant is the proponent of jurisdiction in this court by and through removal.

In accordance with the reasoning of Adams and Carden, defendant shall be required to file with the court a Notice of Citizenship of Defendant, in which they name and identify the citizenship of all the LLC's constituent members or partners, and, for any such constituent members or partners that are also LLCs or partnerships, to identify the citizenship of their respective constituent members or partners, until all such constituents are fully identified. See Carden, supra. The parties may wish to review the recent decision of the district court in Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, 2010 WL 391279 (W.D.N.C. Jan. 26, 2010). Such filing shall be made not later than February 26, 2010.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants file and serve a Notice of Citizenship of LLC Defendant not later than February 26, 2010.

Signed: February 18, 2010

Dennis L. Howell
United States Magistrate Judge